IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAITLIN PORCELLI,

    Plaintiff,

vs.

CITIBANK (SOUTH DAKOTA), N.A.,

    Defendant.
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, CAITLIN PORCELLI (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CITIBANK (SOUTH DAKOTA), N.A., (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Sarasota County, Florida.

2. Defendant is a banking corporation organized under federal law with its principal place of business located at 701 East 60th Street North, 2nd Floor, Sioux Falls, SD 57104-0432.

3. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Sarasota County, Florida.

4. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

5. The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

6. It is alleged by Defendant that Plaintiff owes a debt to Defendant relating to a Citi Simplicity Card, Account No. ending in - 2454.

7. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on March 17, 2016 at 2:32 p.m., through a facsimile transmission to Defendant's facsimile no. 605-357-2073. See facsimile confirmation attached as Exhibit "A."

8. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

9. Plaintiff's cellular telephone number ends in -7104.

10. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

11. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

12. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

13. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

14. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time.

15. Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

16. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

18. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

19. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

20. Plaintiff incorporates all allegations in paragraphs 1-16 and 19 as if stated fully herein.

21. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

22. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

23. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, CAITLIN PORCELLI, demands judgment against Defendant, CITIBANK (SOUTH DAKOTA), N.A., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

### COUNT II
### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

24. Plaintiff incorporates all allegations in paragraphs 1-16 and 19 as if stated fully herein.

25. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

26. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

27. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was/were represented by an attorney.

**WHEREFORE**, Plaintiff, CAITLIN PORCELLI, demands judgment against Defendant, CITIBANK (SOUTH DAKOTA), N.A., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

28. Plaintiff incorporates all allegations in paragraphs 1-2, 4, and 6-19 as if stated fully herein.

29. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

30. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

31. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

32. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, CAITLIN PORCELLI, demands judgment against Defendant, CITIBANK (SOUTH DAKOTA), N.A., for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after March 17, 2016 at 2:32 p.m.;

    b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

*[This space intentionally left blank]*

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
CAITLIN PORCELLI

STATE OF FLORIDA
COUNTY OF __Pinellas__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __22nd__ day of __JULY__, 2016, by CAITLIN PORCELLI, who is personally known to me or who produced __FL DRIVERS LICENSE__ as identification and who did take an oath.

_____
Name: Abel Carrasco

My Commission Expires:
6-30-18

Notary Public, State of Florida

ABEL CARRASCO, JR.
Commission # FF 136877
Expires June 30, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

Date: __August 4, 2016__

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**

7